IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHARLES R. GETZ, JR., | § | |
| | § | No. 449, 2016 |
| Plaintiff Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Court of Chancery |
| | § | of the State of Delaware |
| BOARD OF PAROLE, *et al.*, | § | |
| | § | C.A. No. 12581 |
| Defendant Below- | § | |
| Appellee. | § | |

Submitted:  May 12, 2017
Decided:   July 12, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

# O R D E R

This 12th day of July 2017, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The appellant, Charles R. Getz, Jr., is an inmate at the James T. Vaughn Correctional Center.  He was convicted of first degree rape and sentenced to life imprisonment in 1989.  In August 2015, the Board of Parole ("the Board") held a hearing and denied Getz's application for release on parole.  On July 21, 2016, Getz filed a complaint in the Court of Chancery against the Board, its individual members, and the then-Governor of the State of Delaware.  Among other things, Getz's complaint sought a declaration that the defendants had violated his rights, as well as injunctive relief and damages.

(2)     On the same day the complaint was docketed, a Master in the Court of Chancery conducted a preliminary review of Getz's complaint and issued a report recommending that the complaint be dismissed.  The report held that the Court of Chancery lacked subject matter jurisdiction over Getz's complaint because Getz had an adequate remedy at law to seek review of the Board of Parole proceedings by filing, among other things, a writ of certiorari in the Superior Court.  Under Court of Chancery Rule 144(d)(1), Getz had until August 1, 2016 to file exceptions to the Master's report.  Getz did not file his exceptions until August 2, 2016.  The Court of Chancery approved the Master's report without considering Getz's untimely exceptions and entered a final order dismissing Getz's complaint on August 3, 2016.

(3)     Getz filed a motion for reargument on August 12, 2016.  Before the Court of Chancery ruled on the motion, Getz filed his notice of appeal in this Court.  We remanded the case to allow the Court of Chancery to rule on the motion for reargument.  On December 5, 2016, the Court of Chancery entered its final order and judgment denying Getz's motion for reargument, holding that Getz's exceptions to the Master's report recommending dismissal of his complaint were not timely filed and, in any event, had no merit because the Court of Chancery lacked subject matter jurisdiction over the claims raised in his complaint.

2

(4)     After careful consideration of the parties' respective positions on appeal, we conclude that the judgment below should be affirmed on the basis of, and for the reasons set forth in, the Court of Chancery's well-reasoned judgment dated December 5, 2015. Getz's exceptions to the Master's report recommending dismissal of his complaint were both untimely and without merit.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

3